IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RODERICK G. TALLEY                                                                                      PLAINTIFF

v.                                                Civil No. 4:19-cv-4137

CITY OF HOPE, A Municipality; J. R. WILSON,
individually and in his official capacity; JESUS
CORONADO, individually; SCOTT HURD,
individually; CHARLES RAY, individually;
CORWIN BATTLE, individually; SHAUNA
MCFADDEN, individually; STATE OF ARKANSAS,
individually; and CHRISTI MCQUEEN, individually                          DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Roderick G. Talley pursuant to 42 U.S.C. § 1983 and Arkansas state law. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in which a *pro se* litigant proceeding IFP seeks redress from a governmental entity, officer, or employee.

## I. BACKGROUND

Plaintiff filed his Complaint on October 16, 2019. (ECF No. 1). His application to proceed IFP was granted the same day. (ECF No. 3). Plaintiff has named the following Defendants in this lawsuit: the City of Hope, Arkansas; J. R. Wilson, Chief of Police for the Hope Police Department ("HPD"); Jesus Coronado, an officer with the HPD; Scott Hurd, an officer with the HPD; Charles Ray, an officer with the HPD; Corwin Battle, a special agent with the Arkansas State Police; Shauna McFadden, a police radio dispatcher with the HPD; the State of Arkansas; and Christi McQueen, a prosecuting attorney for Hempstead County, Arkansas.

Plaintiff claims he was "arrested as a suspect" by Defendants Hurd and Ray without probable cause on or about June 22, 2014, for the rape, robbery, terroristic threatening, and domestic battery in the third degree of Defendant McFadden in Hope, Arkansas. (ECF No. 1, p. 3). He alleges Defendant McFadden falsely accused him of these crimes. (*Id.*). Plaintiff alleges that due to Defendants' malicious prosecution and investigation of him, Defendant Battles submitted an affidavit in support of Plaintiff's warrantless arrest. Plaintiff states he was held on a no-bond order and remained in custody until July 7, 2014, when he was released on a $5,000.00 bond with an ankle monitor. (*Id.* at p. 4).

On August 28, 2014, Plaintiff was swabbed for DNA, and he alleges that Defendant Battles obtained a "search and seizure" warrant for his cell phone records. (ECF No. 1, p. 4). Plaintiff alleges Defendant Battles told him after appearing in court that he should have never been arrested and the arrest was only made because Defendant McFadden worked for the HPD. Plaintiff alleges that although he was not formally charged, no disposition was filed in his criminal case until October 30, 2017, when Defendant McQueen advised Defendant Battle that her office "has declined to filed charges against the Plaintiff." (*Id.*). That day, the felony complaints against Plaintiff were dismissed by Defendant McQueen. (*Id.* at p. 5).

Plaintiff asserts the following claims under 42 U.S.C. § 1983: (1) false arrest against Defendants Wilson, Coronado, Hurd, Ray, Battle and McFadden; (2) "1983 Municipal Liability" and failure to train and supervise against Defendants City of Hope, Wilson, Coronado, Hurd, Ray, Battle, State of Arkansas, and McFadden; (3) civil conspiracy against Defendants McFadden, Hurd and Ray; and (4) unlawful search and seizure against Defendants Hurd and Ray. (ECF No. 1, pp. 6-8). Plaintiff also asserts the following state-law claims: (1) malicious prosecution against Defendants Wilson, Coronado, Hurd, Ray, Battle, McFadden, and McQueen; (2) intentional

infliction of emotional distress against Defendants Coronado, Hurd, Ray, Wilson, Battle, McFadden, McQueen, and the State of Arkansas; and (3) defamation (malice in the alternative) against Defendants McFadden, Ray, Hurd, Coronado, Battle, McQueen and the State of Arkansas. (*Id.* at pp. 5-8).

Plaintiff sues Defendants in their individual and official capacities. He is seeking compensatory and punitive damages and "appropriate injunctive relief. (*Id.* at p. 8).

## II. STANDARD

When a plaintiff proceeds IFP, the Court must screen the case prior to the issuance of service of process. The Court must dismiss a complaint, or any portion of it, that contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff's allegations, taken as true solely for the purposes of this screening order, largely state viable claims upon which relief may be granted. However, Plaintiff's claims against

3

Defendants State of Arkansas and McQueen fail and should be dismissed. The Court will address each in turn.

### A. State of Arkansas

Plaintiff asserts federal and state-law claims against the State of Arkansas. However, for the following reasons, Plaintiff has failed to state a claim against the State of Arkansas upon which relief may be granted.

States are not "persons" subject to suit under section 1983. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). The State of Arkansas is not a "person" subject to a section 1983 suit. Accordingly, Plaintiff cannot bring a section 1983 suit against the State of Arkansas and his section 1983 claims fail accordingly.

Moreover, the claims also fail under the doctrine of sovereign immunity. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)); *see also Milligan v. Singer*, 2019 Ark. 177, 3, 574 S.W.3d 653, 655 (2019) (dismissing state-law defamation claim pursuant to the doctrine of sovereign immunity). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). However, there are certain well-established exceptions to the reach of the Eleventh Amendment. *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). "A state may waive its sovereign immunity and consent to suit in federal court, and Congress may, by legislation, abrogate immunity without the state's consent in order to effectuate the provisions of the Fourteenth Amendment." *Id.* That being said, "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Id.*

Nothing indicates that the State of Arkansas has waived its sovereign immunity or otherwise consented to this suit. Thus, Plaintiff's federal and state-law claims against the State of Arkansas are barred by the doctrine of sovereign immunity and should be dismissed.

**B. Defendant McQueen**

Plaintiff also asserts claims against Defendant McQueen, the prosecuting attorney for Hempstead County, Arkansas. Plaintiff asserts that she should have known that the allegations against him were untrue because there was no physical evidence linking him to the alleged crimes. He also alleges that he was never formally charged by Defendant McQueen and that his criminal case was not formally dismissed until three years after he was arrested. As discussed below, these allegations fail to state a claim upon relief may be granted.

A prosecutor enjoys absolute immunity from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id.* at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006); *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987).

"Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). However, prosecutors do not enjoy absolute immunity from suits for damages arising out of functions performed outside the role of advocate. *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

Plaintiff's claims against Defendant McQueen concern actions allegedly taken in her capacity as a state prosecutor, namely, her decisions regarding whether to pursue a criminal prosecution against him. "The decision of a prosecutor to file criminal charges is within the set of core functions which is protected by absolute immunity. This is so even if the prosecutor makes that decision in a consciously malicious manner, or vindictively, or without adequate investigation, or in excess of his jurisdiction." *Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir. 1987) (internal citation omitted). Thus, Defendant McQueen is entitled to prosecutorial immunity because the allegations against her relate to conduct that is intimately associated with the judicial process. *Sample v. City of Woodbury*, 836 F.3d 913, 915-16 (8th Cir. 2016). Consequently, Plaintiff's claims against Defendant McQueen should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state claims against Defendants State of Arkansas and McQueen upon which relief may be granted. Accordingly, Plaintiff's claims against the State of Arkansas and Christi McQueen are **DISMISSED WITH PREJUDICE**. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is **DIRECTED** to terminate the State of Arkansas and Christi McQueen as Defendants in this case.

The Court finds, at least at this stage of the litigation, that Plaintiff has stated viable claims against the remaining Defendants. Service of process shall be addressed in a separate order.

**IT IS SO ORDERED**, this 26th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge