IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RODERICK G. TALLEY                                                PLAINTIFF

v.                                Civil No. 4:19-cv-4137

CITY OF HOPE, A Municipality; J. R. WILSON,
individually and in his official capacity; JESUS
CORONADO, individually; SCOTT HURD,
Individually; CHARLES RAY, individually;
CORWIN BATTLE, individually; and SHAUNA
MCFADDEN, individually                                      DEFENDANTS

## **ORDER**

Before the Court is Defendant Corwin Battle's Motion to Dismiss (ECF No. 18) and Plaintiff Roderick G. Talley's Motion to Dismiss his claims against Defendant Battle. (ECF No. 23). The Court finds that the matters are ripe for consideration.

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. On December 30, 2019, Defendant Battle filed a motion to dismiss Plaintiff's claims against him for failure to state a claim. (ECF No. 18). That same day, the Court ordered Plaintiff to file a response to the motion by January 21, 2020. (ECF No. 20). Plaintiff did not respond to Defendant Battle's motion, and the Court ordered Plaintiff to show cause as to why he failed to file a response. (ECF No. 21). On January 31, 2020, Plaintiff filed a response to the Court's show cause order and submitted a separate motion to dismiss his claims against Defendant Battle. (ECF Nos. 22, 23).

A plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A notice of dismissal under Rule 41(a)(1)(A)(i) is self-executing and requires no action or approval from the court. *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861,

863-64 (8th Cir. 1990). Generally, "[a] plaintiff may dismiss either some or all the defendants, or some or all claims, through a Rule 41(a)(1) notice." *Eckinger v. Xpress Glob. Sys., Inc.*, No. 4:15-cv-3147, 2016 WL 738206, at *1 (D. Neb. Feb. 23, 2016) (citing *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995)).

Under certain circumstances, courts may construe a motion for voluntary dismissal as a self-executing notice, despite being styled as a motion. *See, e.g.*, *Ventura-Vera v. Dewitt*, 417 Fed. App'x 591, 591-92 (8th Cir. 2011) (per curiam) (liberally construing the plaintiff's "motion to dismiss" as a notice based on his clear indication that he "inten[ded] to dismiss [certain] claims in his complaint"); *Miller v. Wayne*, No. 14-cv-4997-JRT/JSM, 2015 WL 2353021, at *1 (D. Minn. May 15, 2015) (construing *pro se* plaintiff's motion to dismiss as a notice of dismissal under Rule 41(a)(1)(A)(i) where defendants had not answered or moved for summary judgment, but had instead moved to dismiss under Rule 12). Plaintiff clearly intends to dismiss his claims against Defendant Battle, so the Court will construe Plaintiff's motion to dismiss as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i). Plaintiff's notice of dismissal is valid as to Defendant Battle—who filed a Rule 12 motion to dismiss but has not filed an answer or a summary judgment motion—even though other Defendants have filed answers. *Eckinger*, 2016 WL 738206, at *1 (stating that "voluntary dismissal of a particular defendant is available on notice until *that defendant* answers or moves for summary judgment") (emphasis in original).

For the above-stated reasons, the Court finds that Plaintiff's notice of dismissal as to Defendant Battle is self-executing and requires no action or approval from the Court. However, to the extent that Court action is necessary to remove Defendant Battle from this case's CM/ECF system, the Court issues this order. Plaintiff's Motion to Dismiss (ECF No. 23) is hereby **GRANTED**. Plaintiff's claims against Defendant Battle are **DISMISSED WITHOUT**

**PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate Defendant Battle as a party to this action. In light of this, Defendant Battle's Motion is Dismiss (ECF No. 18) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 12th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge