IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RODERICK G. TALLEY                                                PLAINTIFF

v.                               Civil No. 4:19-cv-4137

CITY OF HOPE, A Municipality; J. R. WILSON,
individually and in his official capacity; JESUS
CORONADO, individually; SCOTT HURD,
Individually; CHARLES RAY, individually;
and SHAUNA MCFADDEN, individually                DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Roderick G. Talley's failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 16, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* was granted that same day. (ECF No. 5).

On February 20, 2020, Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 25). That same day, the Court directed Plaintiff to respond to Defendants' motion by March 13, 2020. (ECF No. 27). The Court's order informed Plaintiff that failure to timely and properly respond to Defendants' motion would result in this case being dismissed. To date, Plaintiff has not responded to Defendants' motion, and the Court's February 20, 2020 order has not been returned as undeliverable.

On March 13, 2020, the Court entered an order directing Plaintiff to show cause by March 23, 2020, as to why he failed to respond to Defendants' motion. (ECF No. 28). To date, Plaintiff has not responded to or acknowledged the show cause order, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate the dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court, neither of which have been returned as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 25th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge